IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 18, 2002

**STATE OF TENNESSEE v. STACEY RENEE MOORE**

**Direct Appeal from the Criminal Court for Washington County**
**Nos. 25859, 26128, 26129, 26595      Robert E. Cupp, Judge**

_____

**No. E2001-01905-CCA-R3-CD**
**September 18, 2002**
_____

The appellant, Stacey Renee Moore, entered guilty pleas to two counts of theft over five hundred dollars ($500), Class E felonies; one count of theft under five hundred dollars ($500), a Class A misdemeanor; and one count of failure to appear, a Class E felony. For each felony conviction, the appellant received a one-year sentence, with the sentences to be served consecutively. Additionally, the appellant received an eleven month and twenty-nine day sentence for the misdemeanor conviction to be served concurrent to the felony convictions. The trial court denied the appellant's request for alternative sentencing and sentenced the appellant to an effective sentence of three years in the Tennessee Department of Correction. On appeal, the appellant contends that the trial court erred by denying alternative sentencing. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. Rule App. P. 3 Appeal as of Right; Judgment of the affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Steve McEwen, Mountain City, Tennessee (on appeal); David F. Bautista and Deborah Black Huskins, Johnson City, Tennessee (at trial), for the appellant, Stacey Renee Moore.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Joe Crumley, District Attorney General; and Steve Finney, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts**

The record before this court does not include a transcript of the guilty plea hearing, nor a copy of the presentence report. The only facts contained in the record are those stated below, which were recited by the trial court at the sentencing hearing.

On April 24, 2001, the appellant entered guilty pleas in the Washington County Criminal Court to two counts of theft over five hundred dollars ($500); one count of theft under five hundred dollars ($500); and one count of failure to appear. The appellant's guilty pleas arose from the following incidents. On December 27, 1999, the appellant took a 1989 Mazda MX6 for an apparent test drive from Downtown Auto Sales and never returned. Police officers discovered the vehicle abandoned in Charleston, South Carolina, with a failed engine. On February 5, 2000, the appellant took a 1984 Pontiac Sunbird belonging to eighty-year-old James B. Shell, Jr. The appellant also abandoned this vehicle, which was later found in North Carolina. On March 5, 2000, the appellant entered a 1984 Nissan pick-up truck belonging to Veronica Jenny and took twenty-seven dollars ($27) from a day-planner in the console of the truck. Finally, on November 9, 2000, the appellant failed to appear before the trial court to answer to the above charges.

The sentencing hearing was held on August 1, 2001. The appellant testified that she was a thirty-two-year-old, unmarried mother of four. At the time of the sentencing hearing, the appellant had been incarcerated for more than five months. While incarcerated, her three daughters were being cared for by their maternal grandmother and her son was being cared for by a family friend.

At the sentencing hearing, the appellant conceded that she has an extensive prior record, consisting of numerous misdemeanor convictions and one prior felony conviction for theft. The appellant testified that the most time she had served in confinement for any of these offenses was nine months. When asked by the trial court if the confinement had helped her, the appellant replied, "No, sir. . . . It really didn't at the time." The appellant admitted that in the past, upon release from confinement, she would just "[g]et drunk and get high" and sometimes immediately commit another crime. The appellant testified that her past criminal activities were motivated by her addiction to alcohol and crack cocaine.

After admitting her extensive criminal history and addictions, the appellant asked the trial court to give her "another chance on probation." The appellant testified that she had been "clean and sober for seven months" despite "opportunities to get high even in jail." To assist in her rehabilitation, the appellant testified that she had attended A.A. (Alcoholics Anonymous) meetings while in jail and had obtained an outside sponsor for support after her release. Furthermore, the appellant testified that prior to her confinement she was employed full-time by Curran Management and that Curran was prepared to rehire her upon release. The appellant testified that, if released, she and her children could live with her mother. Also, the appellant's A.A. sponsor had arranged for her and her children to live in a more structured environment at the Salvation Army Shelter. The shelter would conduct nightly breathalyser tests and help the appellant obtain public housing.

In her final plea to the court for alternative sentencing, the appellant stated:
I haven't lived my life like a very responsible citizen, . . . or a good momma, or a daughter to my mother. Since I was about fourteen, or fifteen years old I've been getting high and drinking. I've been in and out of jail all my life. I just don't want to live that way no more. All

I can say is I'll do my very best. I'm really tired of living that way. And I'm real sorry for all the problems that I've caused. And with the mistakes I've made I probably don't really deserve this chance. All I can say is I'll do my very best if I get a chance. That's all I've got to say.

After considering the sentencing principles and the mitigating and enhancement factors, the trial court denied the appellant's request for alternative sentencing. Although the trial court found that the appellant was entitled to the presumption of alternative sentencing, the court nevertheless determined that the presumption had been overcome in the appellant's case and that confinement was a more appropriate sentence. The trial court based its decision on the appellant's extensive criminal history, the need to avoid depreciating the seriousness of the offense, and the fact that the appellant had been on probation numerous times without successful rehabilitation. Moreover, after reading the presentence report, the trial court noted that many of the appellant's convicted offenses were committed while she was on probation. On appeal, the appellant challenges the trial court's denial of alternative sentencing.

## II. Analysis

The appellant contends that the trial court erred by denying alternative sentencing in the form of either probation or community corrections. When an appellant challenges the length, range, or manner of service of a sentence, this court conducts a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). However, this presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, this court must consider (1) the evidence, if any, received at trial and at the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to the sentencing alternatives; (4) the nature and characteristics of the offenses; (5) any mitigating or enhancement factors; (6) any statements made by the appellant on his own behalf; and (7) the appellant's potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102 and -103 (1997), -210 (Supp. 2001). See also Ashby, 823 S.W.2d at 168. The burden of showing that a sentence was improper is on the appellant. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Tennessee Code Annotated section 40-35-102(5) provides that only "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration." A defendant who does not fall within this class of offenders and who is "an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options." Tenn. Code Ann. § 40-35-102(6) (1997). Furthermore, "[t]he trial court must presume that a defendant sentenced to eight years or less and not an offender for whom incarceration is a priority is subject to alternative sentencing and that a sentence other than incarceration would result in successful rehabilitation." State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993) (citation omitted);

see also Tenn. Code Ann. § 40-35-303(a) (Supp. 2001). However, the presumption of alternative sentencing may be rebutted by "evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); see also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000). Guidance as to what constitutes "evidence to the contrary" is found in Tennessee Code Annotated section 40-35-103(1) (1997), which provides for confinement when:

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) [m]easures less restrictive that confinement have frequently or recently been applied unsuccessfully to the defendant.

Because the appellant was convicted of Class E felonies and sentenced as a standard Range I offender to less than eight years, the trial court properly acknowledged that the appellant was presumed to be a favorable candidate for alternative sentencing. Nevertheless, the trial court concluded that, in the appellant's case, the presumption had been successfully rebutted.

First, the trial court found confinement to be necessary to protect society by restraining a defendant who has a long history of criminal conduct. As the trial court noted, "that's an understatement." Again, this court is without the benefit of the appellant's presentence report and, therefore, must rely on the trial court's findings at the sentencing hearing. After reviewing the presentence report, the trial court exclaimed that the report was "unbelievable." The trial court counted twenty-three prior convictions, one of which was a felony and most of which were theft related. The trial court stated that if the appellant were released on probation "[s]he would rip somebody off before she made it back to Johnson City."

The trial court also found confinement to be necessary because measures less restrictive than confinement had frequently and recently been applied without success. Based on the presentence report, the trial court concluded that the appellant had little potential for rehabilitation. According to the trial court, "[s]he has been on probation, and on probation, and on probation, and nothing has done anything for her - absolutely nothing." Furthermore, the appellant apparently committed numerous offenses while on probation for other crimes. The trial court commented, "it's a question of whether or not I look at rehabilitation, or whether I put her back out to prey on some other member of this community, and that's what she's going to do. . . . Any form of alternative sentencing in this case this [trial] court would be, excuse the term, an idiot." We agree with the trial court. The appellant has an extensive criminal history and past attempts at alternative sentencing have had little, if any, rehabilitative effect. See State v. Richard E. McCullough, No. M2000-01154-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 152 (Nashville, March 2, 2001).

The trial court further found that confinement was necessary to avoid depreciating the seriousness of the offense. In so finding, the trial court commented, ". . . that's true. She's continually committed offenses and just has done nothing whatsoever in that regard." However, for

-4-

this provision to apply, "'the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring a sentence other than confinement." State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995) (quoting State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991)). Again, the only evidence regarding the facts and circumstances of the offenses are the trial court's findings at the sentencing hearing. We are unable to conclude from these findings that the nature and circumstances surrounding these offenses are sufficiently violent, horrifying, or shocking so as to outweigh any factors favoring alternative sentencing. See State v. Donald Richard Harmon, Jr., No. E2001-01506-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 439 (Knoxville, May 14, 2002). However, in light of the previously mentioned factors favoring incarceration, the trial court's application of this factor, although in error, was harmless.

In addition to the above factors, the trial court found two enhancement factors to support the denial of alternative sentencing. The trial court found that the appellant "has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range" and the appellant "has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community." Tenn. Code Ann. §§ 40-35-114(1) and (8) (Supp. 2001). The appellant "does not contest the presence of those factors," but argues that less weight should have been afforded these factors based on the appellant's efforts at self-rehabilitation and the fact that she has been convicted of only one prior felony. "[T]he weight to be afforded an existing factor is left to the trial court's discretion so long as the court complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record." State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996). We conclude that the record supports the trial court's decision.

Finally, in sentencing the appellant, the trial court found one mitigating factor to be present, i.e., the defendant's criminal conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1) (1997). The appellant argues that, additionally, the trial court should have considered the appellant's employment with Curran Management, her participation in the Washington County Detention Center's A.A. program, and her "expressed sincere remorse for her behavior" as mitigating factors pursuant to section 40-35-113(13), which provides that the trial court may consider as a mitigating factor "[a]ny other factor consistent with the purposes of this chapter." Id. Even assuming that the trial court should have considered these factors as mitigating, we conclude that they would not substantially outweigh the appellant's lengthy criminal history and lack of potential for rehabilitation.

### III. Conclusion
Based upon the foregoing, the judgment of the trial court is affirmed.

_____
NORMA McGEE OGLE, JUDGE